## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BROUGH TRUCKING LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-412-R** |
| | ) | |
| **TRUCK DOCTOR, INC., an Oklahoma** | ) | |
| **Corporation, and John Does 1-5,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Order for Entry of Default Judgement and for Attorney Fees and Costs [Doc. No. 14]. Plaintiff's motion requests that default judgment be entered against Defendant Truck Doctor pursuant to Fed. R. Civ. P. 37(b)(2) for failure to comply with the Court's prior order [Doc. No. 13] directing Defendant to provide discovery responses and pay Plaintiff's attorney's fees. At the time of the filing of Plaintiff's motion, Defendant had paid the attorney's fees (sixteen days after the deadline) but had still not provided any discovery responses.

Defendant filed a (somewhat perfunctory) response in opposition [Doc. No. 15] asserting that he has now provided discovery responses and is ready to proceed in earnest with this case. Plaintiff then submitted a reply [Doc. No. 16] detailing the numerous deficiencies in Defendant's discovery responses and reiterating that neither the responses nor the monetary sanction were submitted by the Court's deadline.

Under Federal Rule of Civil Procedure 37(b), the Court may order sanctions if "a party ... fails to obey an order to provide or permit discovery, including an order under Rule

26(f), 35, or 37(a)." Sanctions for failure to provide or permit discovery may include rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). To determine if default judgment is an appropriate sanction, courts consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (internal quotation marks and citations omitted)

Here, Defendant's failure to cooperate in discovery and failure to comply with the Court's prior order has caused unnecessary burdens on Plaintiff and the Court and interfered with the judicial process. Defendant's failure to offer any explanation for this dilatory conduct is particularly troubling and suggests a disregard for the Court's deadlines and applicable procedural rules. Nevertheless, given that Defendant has paid the previously imposed monetary sanction, made some effort to provide the requested discovery responses, and represents that it is now ready to participate in earnest in this litigation, the Court concludes that entry of a default judgment would not be a just sanction at this time.

Defendant is, however, advised that the Court will not tolerate further dilatory conduct and that a failure to comply with Court orders, applicable procedural rules, and deadlines will result in sanctions, up to and including the entry of default judgment. The Court also notes that many of the Defendant's discovery responses are deficient on their

face. Defendant is therefore instructed to provide amended discovery responses within fourteen days of the date of this Order. Should any issues with the adequacy of the discovery responses remain, the parties are directed to confer in good faith and make a sincere attempt to resolve the issues before seeking further Court intervention.

Accordingly, Plaintiff's Motion for Order for Entry of Default Judgement and for Attorney Fees and Costs [Doc. No. 14] is DENIED without prejudice to refiling, if appropriate.

IT IS SO ORDERED this 25th day of November, 2024.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**