UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BROUGH TRUCKING LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-412-R |
| | ) |
| **TRUCK DOCTOR, INC., an Oklahoma Corporation, and John Does 1-5,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Plaintiff's Second Motion for Order for Entry of Default Judgment and For Attorney Fees and Costs [Doc. Nos. 27, 28]. Defendant Truck Doctor, Inc. did not file a response to the motion.

On February 21, 2025, the Court entered an order [Doc. No. 23] permitting counsel for Defendant to withdraw. In that same order, the Court directed Defendant to retain new counsel within 30 days and advised Defendant that a failure to comply with this directive may result in the entry of default judgment.[1] To date, counsel for Defendant has not entered an appearance. Plaintiff now moves for entry of default judgment based on Defendant's failure to comply with the Court's order.

Rule 16(f)(1) of the Federal Rules of Civil Procedure permits a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party…fails to obey a scheduling or other pretrial order." The actions contemplated by Rule 37 include

---

[1] This Court's local rules state that "[p]arties who are not natural persons may not appear pro se." LCvR 17.1.

1

"rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "Moreover, courts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (internal citation and quotation marks omitted). To determine whether a default judgment is a just sanction in a particular case, courts consider the following factors: "(1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745–46 (10th Cir. 2018) (internal quotation marks omitted) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992)). In applying these factors, courts must be mindful that "[d]efault judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Klein*, 777 F.3d at 1147–48 (internal quotation marks omitted). Notably, "a party's repeated failure to hire counsel can be enough to warrant default judgment." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 746 (10th Cir. 2018).

In the Court's assessment, all of the factors weigh in favor of entering default judgment against Defendant. First, Plaintiff has been prejudiced by Defendant's conduct. Plaintiff has attempted to diligently prosecute this action for over a year. Defendant's failure to obtain new counsel has hindered Plaintiff's ability to complete discovery, prosecute its claims, and bring this action to a conclusion. Further, Defendant's ongoing

absence from the litigation forced Plaintiff to spend time and resources seeking a continuance of pending deadlines and moving for default.

Second, Defendant's conduct has interfered with the judicial process. Indeed, Defendant's absence from the case has essentially brought the proceedings to a standstill. Defendant's failure to secure counsel resulted in a continuance of the trial setting and disrupted the expeditious and orderly resolution of this case. *See Derma Pen, LLC*, 736 F. App'x at 747 (noting that the "failure to have representation stymies the judicial process because unrepresented parties do not respond to court orders or "the opposing party's motions") (brackets and quotation marks omitted).

Third, Defendant is culpable for the conduct. Defendant's attorneys sought permission to withdraw because Defendant stopped communicating with them. Defendant was notified of its obligation to obtain new counsel and has had ample time to do so, but has failed to comply with the Court's order, respond to the present motion, or make any effort to participate in the case. These failures are entirely within Defendant's control. Moreover, this is not the first time Defendant has fallen short of its obligations, as it previously failed to respond to a motion to compel, failed to fully and timely respond to a prior order compelling discovery and awarding monetary sanctions, and failed to provide satisfactory discovery responses. Although Defendant was represented by counsel during some of these actions, this recurring lack of diligence and willingness to flout the Court's orders suggests that Defendant is acting intentionally and in bad faith.

Fourth, Defendant was warned that entry of default judgment was a possible sanction if it failed to secure counsel. Defendant was also previously warned that failing to

3

comply with court orders and procedural rules would result in sanctions, up to and including the entry of default judgment. *See* Doc. No. 17.

Last, the Court is unconvinced that lesser sanctions would be effective in this situation. As a business entity, Defendant must obtain counsel to proceed in this action. Monetary sanctions would not resolve this issue. Further, Defendant was previously subjected to monetary sanctions for its failure to cooperate in discovery but has continued to engage in dilatory conduct. Given Defendant's complete absence from the case, a sanction other than entry of default judgment would not be effective.

Accordingly, after considering each factor, the Court finds that entry of default judgment against Defendant is justified and appropriate. Of course, entry of final judgment cannot be completed until the amount of damages has been ascertained. In its motion, Plaintiff requests actual, statutory, and punitive damages. Although it has included a specific sum and evidence to support the amount of actual damages requested, it has not offered adequate argument, authority, or evidence in support of its request for statutory or punitive damages. Accordingly, the Court will reserve ruling on damages and permit Plaintiff to file a supplemental motion clarifying whether it is seeking an amount other than actual damages and, if so, to appropriately support its request. Upon receipt of the supplemental motion, the Court will determine whether a hearing is necessary. *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Plaintiff also requests an award of attorney fees and costs, but again, Plaintiff has

not supported its request for attorney fees with adequate argument and authority showing that it is entitled to recover fees.[2] *See* Fed. R. Civ. P. 54(d)(2)(B) (requiring motion for attorney fees to specify "the statute, rule, or other grounds entitling the movant to the award"). Additionally, although Plaintiff has included a record of the hours expended by counsel on this case, it has not included the affidavit required by LCvR54.2 or identified the various attorneys and staff that are reflected on the time records. To the extent Plaintiff seeks costs pursuant 28 U.S.C. § 1920, it must submit a bill of costs in compliance with LCvR 54.1. Last, a claim for attorney fees and nontaxable costs is generally premature if filed in advance of final judgment. *See* Fed. R. Civ. P. 54(d)(2)(B) (requiring motion for attorney fees to "be filed no later than 14 days after entry of the judgment" and requiring motion to "specify the judgment" entitling it to the award). Plaintiff may file a supplemental motion to address these issues.

As set out above, Plaintiff's Second Motion for Order for Entry of Default Judgment and For Attorney Fees and Costs [Doc. No. 27] is GRANTED in part and RESERVED in part. The Court finds that Plaintiff is entitled to entry of default judgment against Defendant Truck Doctor, Inc. The Court will reserve ruling on damages until Plaintiff has filed its supplemental motion, which must be submitted within 21 days of the date of this order.

IT IS SO ORDERED this 2nd day of May, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff requests attorney fees as a sanction, the Court declines to grant the request.