UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROUGH TRUCKING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-412-R |
| | ) |
| TRUCK DOCTOR, INC., an Oklahoma Corporation, and John Does 1-5, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Supplemental Motion on Damages and Attorney Fees and Costs [Doc. No. 30]. The Court previously granted Plaintiff's motion seeking entry of default judgment as a sanction against Defendant Truck Doctor, Inc. and reserved ruling on the amount of damages to permit Plaintiff to provide additional information in support of its damages request. Plaintiff has now provided its additional information and, after considering the evidence and argument presented, the Court awards damages as outlined below.

This action concerns Defendant's failure to properly perform repair work on Plaintiff's truck. The Complaint alleges that Plaintiff is the owner of a long-hail tractor, the tractor was brought to Defendant Truck Doctor because the engine was overheating, and Defendant determined that the engine needed an in-frame overhaul and repair. Defendant then sold the repair work without obtaining approval for all fees that were charged. Although Defendant represented that they repaired the engine, the truck broke down several weeks later and the engine had to be replaced. The Complaint asserts claims for

1

violation of the Oklahoma Consumer Protection Act, 15 O.S., §752, et seq., negligence, breach of contract, fraud/misrepresentation, and breach of implied warranty.[1] Plaintiff now seeks the entry of default judgment on these claims and requests actual damages, punitive damages, attorney's fees, costs, and interest.

A "default judgment may not be entered until the amount of damages has been ascertained." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quotation omitted). The plaintiff must "establish that the amount requested is reasonable under the circumstances." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016).[2]

Plaintiff first requests actual and consequential damages based on Defendant's negligent injury to its property. Under Oklahoma law,[3] the measure of damages for breach of an obligation not arising from contract is "the amount which will compensate for all

---

[1] "Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true." *Richway, LLC v. SX Three, LLC*, No. CIV-25-21-SLP, 2025 WL 971750, at *1 (W.D. Okla. Mar. 31, 2025). Based on Plaintiff's uncontested factual averments and other evidentiary materials in the record, the Court is satisfied that there is a legitimate basis for the entry of judgment on these claims.

[2] Based on the evidence and argument submitted by Plaintiff, the Court finds that a formal hearing on damages is unnecessary.

[3] As a federal court sitting in diversity, the Court applies the substantive law of the forum state, Oklahoma. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017).

detriment proximately caused thereby, whether it could have been anticipated or not." Okla. Stat. tit. 23, § 61. For injury to personal property that "has been partially damaged by the negligence of another" but is "susceptible to repair at reasonable expense," the measure of damages includes "the cost of the repairs and the value of the loss of the use of it while it is being repaired." *Brennen v. Aston*, 84 P.3d 99, 101 (Okla. 2003). Additionally, where "a plaintiff suffers injury as an indirect result of property damage, that may be compensable by consequential damages." *Frank Bartel Transportation, Inc. v. State ex rel. Murray State Coll.*, 540 P.3d 480, 485 (Okla. 2023). Plaintiff has supported his request for damages arising from Defendant's negligent repairs of the engine by including invoices and an affidavit showing that it paid Defendant $32,927.44 for repairs that were not fully or properly performed, it paid $7,097.47 and $5,189.93 to replace the engine following Defendant's negligent repairs, it incurred expenses related to loss of use of the truck in the amount of $95,774.36, and it incurred consequential damages in the amount of $10,800.07 for expenses and wages related to fixing the truck. Based on the material submitted by Plaintiff, the Court concludes that it is entitled to recover $151,789.27 in actual damages.[4]

Plaintiff additionally seeks punitive damages based on Defendant's misconduct. To obtain punitive damages under Oklahoma law, the plaintiff must prove "by clear and convincing evidence that '[t]he defendant has been guilty of reckless disregard for the

---

[4] Plaintiff does not advance an argument in favor of separately awarding damages for its claims for breach of contract, fraud, or breach of warranty. Regardless, double recovery is not permitted in Oklahoma. *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶ 33, 202 P.3d 144, 153, as corrected (Dec. 19, 2008) ("Oklahoma law allows only one recovery to make a plaintiff whole.").

rights of others,' or that '[t]he defendant has acted intentionally and with malice towards others.'" *McGinley v. Am. Dump Trucks, Inc.*, No. CIV-20-408-G, 2021 WL 4517687, at *4 (W.D. Okla. Sept. 30, 2021) (quoting Okla. Stat. tit. 23, § 9.1(B)-(D)). "Reckless disregard is established by showing that the defendant 'was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others.'" *Id.* (quoting *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015)). Oklahoma law sets out several factors that a factfinder may evaluate in determining whether punitive damages are warranted. Okla. Stat. tit. 23, § 9.1(A).

In support of its request for punitive damages, Plaintiff argues that (1) Defendant's failure to correctly repair the engine of a large tractor trailer puts the public at risk, (2) Defendant profited by charging for parts that could not have been installed and failed to disclose large markups on parts, (3) Defendant concealed its misconduct which was not discoverable until the engine failed and was disassembled, (4) Defendant was aware of its fraudulent conduct, (5) Defendant's attitude upon discovery of the misconduct is shocking in that they claimed without any proof that Plaintiff switched the engine, and (6) several employees of Defendant had knowledge of the misconduct but did nothing to stop it. As evidence of Defendant's intentional or reckless misconduct, Plaintiff primarily relies on the deposition testimony of Defendant's shop foreman who testified that customers were not informed that parts were marked up, the photos of the disassembled engine showed age and corrosion that are not consistent with an engine rebuild, and the photos do not appear to show the same engine. The Court concludes that Plaintiff has presented clear and convincing evidence that Defendant acted with reckless disregard because it was either

4

aware, or did not care, that it was charging Plaintiff for engine repairs that were not being performed properly. The Court concludes that $12,000 in punitive damages, which is approximately equivalent to the cost to replace the engine, is an appropriate amount.

Plaintiff also seeks an award of attorney's fees and costs as the prevailing party and pursuant to the Oklahoma Consumer Protection Act. Oklahoma law[5] provides that in a "civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action." Okla. Stat. tit. 12, § 940(A). Additionally, the Oklahoma Consumer Protection Act permits an aggrieved consumer to recover costs and attorney's fees. Okla. Stat. tit. 15, § 761.1.

In Oklahoma, a reasonable attorney fee award is determined by utilizing the lodestar method, which multiplies the reasonable hours expended by the hourly rate of the involved attorneys. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979). The lodestar amount may be increased or decreased based on a consideration of the factors articulated in *Burk*. *Id*. In evaluating the reasonableness of the fee request, the Court considers "what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be." *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978). Additionally, LCvR 54.2 requires a request for attorney's fees to be supported by an affidavit stating the amount of

---

[5] "In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir.2008).

time spent on the case, the hourly fee, and the hourly fee usually charged by the attorney.

Plaintiff requests fees in the amount of $18,510.00 and costs in the amount of $1,859.41. The request is supported by a billing statement detailing the time spent on various tasks. However, Plaintiff has not included an affidavit[6] verifying the amount of time spent on the case, describing the usual hourly fee for each attorney, or the hourly fee utilized in this matter. Additionally, neither the billing statement nor Plaintiff's motion make clear who performed some the tasks, i.e. an attorney or a paralegal. Because Plaintiff has not complied with the Court's local rules or sufficiently supported its request for attorney's fees, Plaintiff's request for attorney's fees and costs is denied without prejudice. *See* Fed. R. Civ. P. 54(d)(2)(B) (requiring motion for attorney fees to "be filed no later than 14 days after entry of the judgment").

Last, Plaintiff seeks an award of interest. The Court finds Plaintiff should be awarded post-judgment interest at the governing statutory rate. *See* 28 U.S.C. § 1961.

As set out above, the Court grants in part Plaintiff's Supplemental Motion on Damages and Attorney Fees and Costs [Doc. No. 30] and awards Plaintiff $151,789.27 in actual damages, $12,000 in punitive damages, and post-judgment interest. A separate default judgment will be entered.

IT IS SO ORDERED this 2nd day of June, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's motion states that he has supported his request with a separately filed affidavit and bill of costs. However, to date, no such filings have been made.