UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROUGH TRUCKING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-412-R |
| | ) |
| TRUCK DOCTOR, INC., an Oklahoma | ) |
| Corporation, and John Does 1-5, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's Supplement to Motion for Attorney Fees and Costs [Doc. No. 35]. The Court previously entered default judgment [Doc. No. 33] against Defendant and denied Plaintiff's request for attorney's fees without prejudice [Doc. Nos. 29, 32] because Plaintiff failed to include an affidavit in support as required by LCvR54.2. Plaintiff has now supplemented its request for attorney's fees with the required affidavit and supporting documentation.

In Oklahoma,[1] a reasonable attorney fee award is determined by utilizing the lodestar method, which multiplies the reasonable hours expended by the hourly rate of the involved attorneys. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979). The lodestar amount may be increased or decreased based on a consideration of the

---

[1] "In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir.2008). As outlined in the Court's prior order [Doc. No. 32], Oklahoma law permits a prevailing plaintiff to recover attorney's fees for the claims asserted in this action.

factors articulated in *Burk*. *Id*. In evaluating the reasonableness of the fee request, the Court considers "what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be." *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978).

Plaintiff requests fees in the amount of $17,310.00 and has included a billing statement detailing the time spent on various tasks and the affidavit of C. Craig Cole [Doc. Nos. 35-1]. Plaintiff's counsel billed at hourly rates of $350 for senior attorney services, $250 for associate attorney services, and $125 for legal assistant services. The Court is familiar with the rates charged by lawyers and staff in the Oklahoma City metropolitan area and finds that the rates charged by Mr. Cole and his firm are reasonable.

The Court additionally finds that the bulk of the entries reflect no excessive or duplicative work performed. However, entries dated November 26, 2024, December 12, 2024, December, 16, 2024, March 10 2025 do not provide sufficient details for the Court to determine whether they were reasonably necessary and entries dated July 22, 2024 and March 11, 2025 reflect an excessive amount of time for the task denoted. The Court therefore deducts these amounts from the total fee request. Accordingly, the Court concludes that $16,472.50 is a reasonable fee under the circumstances of this litigation.

Plaintiff also seeks an award of costs. "Unlike attorney fees in diversity actions, costs in diversity actions are controlled by federal rule—Rule 54(d) of the Federal Rules of Civil Procedure. And the costs that are recoverable under Rule 54(d) are limited to the categories of costs identified in 28 U.S.C. § 1920." *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-00902-PRW, 2022 WL 1527523, at *4 (W.D. Okla. May 13, 2022). Further,

LCvR54.1 requires a party seeking to recover costs pursuant to § 1920 to submit "a bill of costs on the form provided by the clerk," file it as a separate document from a motion for legal fees, and "provide either receipts, documents, or an affidavit in support of the requested itemized costs." Plaintiff has not complied with these requirements and not adequately supported his request for costs by including receipts for certain services. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) ("A prevailing party bears the burden of establishing the amount of costs to which it is entitled."); *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 904 (D. Kan. 2007) ("Court reporters' invoices for depositions are typically only partially recoverable as costs because they generally include numerous convenience items that are not allowable as costs."). Accordingly, the Court awards only the costs to reimburse the filing fee of $405.00.

As set out above, the Court grants in part Plaintiff's requests for attorney's fees and costs in part. The Court awards Plaintiff attorney's fees in the amount of $16,472.50 and costs in the amount of $405.00.

IT IS SO ORDERED this 30th day of June, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE